IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIMINAL NO. 15-CR-00260-KD-N |
| ) | |
| GREGORY LAMAR MARSHALL and ) | |
| JERRY DAVE HYNDS-JULIO ) | |

**ORDER**

This matter is before the Court on Defendant Hynds-Julio's Motion to Dismiss Counts Five and Six and to Strike Allegations in Count One (Doc. 37), Defendant Marshall's Motion to Dismiss Count Four of the Indictment and to Strike Language as to Count One (Doc. 38), the government's response (Doc. 42), and the Defendants' replies (Docs. 55-56).

Count Four, brought against Marshall, alleges a violation of 18 U.S.C. § 922(d)(5)(B), which states:

> It shall be unlawful for any person to sell or otherwise dispose of any firearm or ammunition to any person knowing or having reasonable cause to believe that such person … who, being an alien … except as provided in subsection (y)(2), has been admitted to the United States under a nonimmigrant visa…

18 U.S.C. § 922(d)(5)(B).

Counts Five and Six, brought against Hynds-Julio, each allege a violation of 18 U.S.C. 922(g)(5)(B), which states:

> It shall be unlawful for any person … who, being an alien … except as provided in subsection (y)(2), has been admitted to the United States under a nonimmigrant visa … to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

18 U.S.C. § 922(g)(5)(B).[1]

---

[1] The parties agree that Hynds-Julio was present in the United States pursuant to a non-immigrant visa.

1

Defendants argue that Counts Four, Five, Six, and the objective of the conspiracy in Count One should be dismissed because: The Court should take judicial notice that Hynds-Julio is a sitting Congressman in the Honduran Congress, thus he is an official of a foreign government, and therefore, § 922(y)(2)(C) excepts the Defendants from the prohibitions of §§ 922(d)(5)(B) and (g)(5)(B). Section 922(y)(2)(C) states:

> Subsections *(d)(5)(B), (g)(5)(B),* and (s)(3)(B)(v)(II) do not apply to any alien who has been lawfully admitted to the United States under a nonimmigrant visa, if that alien is ... *an official of a foreign government* or a distinguished foreign visitor who has been so designated by the Department of State...

18 U.S.C. § 922(y)(2)(C)(emphasis added).

The government's only response to Defendants' motions is a brief and meritless argument that the Department of Justice has promulgated regulations which expand coverage of the criminal statute beyond what is stated in the statute. (Doc. 42). The Court adopts the reasons stated in Defendants' replies (Docs. 55 and 56) and rejects the government's argument.

In addition, the government failed to address whether § 922(y)(2) requires an exempted foreign official to be "so designated by the Department of State." 18 U.S.C. § 922(y)(2)(C). Regardless, the Court agrees with the defendants that a plain interpretation of the grammatical structure of § 922(y)(2)(C) does not require "an official of a foreign government" to be "so designated by the Department of State." The "or" contained between these quoted portions of the statute indicates reference to separate categories of persons, *i.e.* an "official" *or* a "visitor." As the Eleventh Circuit has explained,

> "In construing a statute we must begin, and often should end as well, with the language of the statute itself." *Merritt v. Dillard,* 120 F.3d 1181, 1185 (11th Cir. 1997). Where the language Congress chose to express its intent is clear and unambiguous, that is as far as we go to ascertain its intent because we must presume that Congress said what it meant and meant what it said. *See, e.g., Connecticut Nat'l Bank v. Germain,* 503 U.S. 249, 253-54, 112 S.Ct. 1146, 1149, 117 L.Ed.2d 391 (1992) ("We have stated time and again that courts must

presume that a legislature says in a statute what it means and means in a statute what it says there.").

*United States v. Steele*, 147 F.3d 1316, 1318 (11th Cir. 1998).

The government also failed to address the Defendants' contention that the Court can take judicial notice of the fact that Defendant Hynds-Julio is an official of a foreign government. Though the Court may take judicial notice of a fact in a criminal case, the jury ultimately decides the fact and is free to not accept the fact. Fed. R. Evid. 201(f)("In a criminal case, the court must instruct the jury that it may or may not accept the noticed fact as conclusive."). Thus, because this determination ultimately rests with the jury, the Court cannot dismiss Counts Four, Five, and Six, or strike the portion of Count One that alleges a violation of § 922(d)(5)(B) as an objective of the conspiracy, unless the government concedes this fact. Accordingly, the Defendants' motions (Docs. 37-38) are **DENIED**.

**DONE** and **ORDERED** this **25th** day of **January 2016.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**