**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| **v.** ) | **CRIMINAL NO. 15-CR-00260-KD-N** |
| ) | |
| **GREGORY LAMAR MARSHALL** ) | |

## ORDER

This matter is before the Court on Defendant Marshall's Motion to Sever (Doc. 39), the government's response (Doc. 43), and Marshall's reply (Doc. 57). Upon consideration, the motion is **DENIED**.

Marshall moves to have his trial severed from that co-defendant Hynds-Julio citing statements made by co-defendant Hynds-Julio that he alleges would violate his Sixth Amendment right to confront witnesses. Federal Rule of Criminal Procedure 14 states:

> **(a) Relief.** If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.
>
> **(b) Defendant's Statements.** Before ruling on a defendant's motion to sever, the court may order an attorney for the government to deliver to the court for in camera inspection any defendant's statement that the government intends to use as evidence.

Fed. R. Crim. P. 14.

"Rule 14 requires the district court to balance the right of defendants to a fair trial, absent the prejudice inherent in a joint trial, against the interests of judicial economy and efficiency." *United States v. Gonzalez*, 804 F.2d 691, 694 (11th Cir. 1986). In the Eleventh Circuit, it is "'well-settled principle that it is preferred that persons who are charged together should also be tried together,' particularly in conspiracy cases, the denial of a motion for severance will be

reversed only for abuse of discretion." *United States v. Smith*, 918 F.2d 1551, 1559 (11th Cir. 1990)(quoting *United States v. Morales,* 868 F.2d 1562, 1571 (11th Cir.1989)).

Trial courts have discretion to grant a severance if a defendant carries his burden to show both that (1) a joint trial would actually prejudice the defendant and (2) a severance is the proper remedy for the prejudice, rather than jury instructions or another remedy. *Zafiro v. United States*, 506 U.S. 534, 539-41 (1993); *United States v. Brown*, 505 F.3d 1229, 1268-69 (11th Cir. 2007). As to the first *Zafiro* step, a defendant "must carry the heavy burden of demonstrating the lack of a fair trial due to actual, compelling prejudice." *United States v. Chavez,* 584 F.3d 1354, 1360 (11th Cir. 2009). As to the second *Zafiro* step, severance is not automatically required even if prejudice is shown. *Zafiro,* 506 U.S. at 539-40. A court's limiting instruction to the jury will often cure any prejudice resulting from a joint trial. *Id*. at 539. *Zafiro,* 506 U.S. at 539. "Aside from the two categories of defendants specified by the Supreme Court, most other defendants prejudiced by a joint trial are entitled only to curative instructions." *United States v. Blankenship,* 382 F.3d 1110, 1123 (11th Cir.2004) (discussing "the two-step test" in *Zafiro*).

Marshall has failed demonstrate why a remedy short of severance would be insufficient to cure any compelling prejudice resulting from a joint trial. Thus, he has not satisfied the "heavy burden" required for severance and the motion is **DENIED**.

**DONE** and **ORDERED** this **25th** day of **January 2016.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**